IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51057
USDC No. SA-98-CR-117-2-HG

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER WILSON,

Defendant-Appellant.

----------------------
Appeal from the United States District Court
for the Western District of Texas
----------------------
July 31, 2000

Before JOLLY, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[1]

Walter Wilson entered a conditional guilty plea to the offense of carrying a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1).

Almost six months after Wilson waived appearance at arraignment, he moved to suppress the results of the search and seizure underlying his firearm conviction. The district court dismissed this motion as untimely. Wilson now argues that the district court erred in dismissing his suppression motion on this basis.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to both a local rule and the terms of the written waiver of arraignment, Wilson was required to file his motion within 10 days after the waiver had been entered. See W.D. Tex. CR-12. His purported reason for failing to do so is that the Government withheld from him the allegedly "exculpatory" report of a federal police corporal, Normal Palmer, until just before he filed his motion to suppress. Under FED. R. CRIM. P. 12(f), such a dismissal is reviewed for abuse of discretion, with "due consideration [to be given] to the movant's reason for missing the relevant deadline and any prejudice the refusal might occasion." See United States v. Denman, 100 F.3d 399, 402 (5th Cir. 1996).

Wilson has suggested that Palmer's report revealed for the first time that there was no "plain view" sighting of a marijuana pipe in Wilson's car, which earlier had appeared to form the basis of the search of the car and subsequent seizure of a handgun and methamphetamine. Wilson's arguments are unavailing. Palmer's report did not provide any significant factual addition to the information that was in counsel's possession at the time of the waiver of arraignment, coupled with Wilson's own knowledge of the circumstances of the search (he was present at the time). Contrary to Wilson's suggestion, a handwritten note by one of the Sheriff's Deputies who saw the "alleged" marijuana pipe in the ashtray of Wilson's car was not insufficient to contribute to the "collective knowledge" on which Corporal Palmer relied in searching Wilson's car. See United States v. Buchanan, 70 F.3d 818, 826 (5th Cir. 1996) (warrantless search based on "plain view" exception does

2

not require "certainty" but only "'probable cause' to believe that the item is either evidence of a crime or contraband").

Wilson has not shown that district abused its discretion in denying his motion to suppress as untimely, and he has not shown that he was prejudiced thereby.  See Denman, 100 F.3d at 402.

Wilson's conviction and sentence are AFFIRMED.